IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 4:22-CR-40001--011 |
| ) | |
| MICHAEL WALLACE MARTIN ) | |

**AGREED PROTECTIVE ORDER**

Based upon the agreement of counsel for the United States and for the Defendant, Michael Wallace Martin, that there is good cause for this Order, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Defense counsel and defendant shall not disclose the discovery provided by the United States directly or indirectly to any person, except defense counsel's legal and support staff, paralegals, contractors, experts and investigators ("authorized persons"), during the course of the investigation and defense of this case. Defense counsel and defendant shall not use the discovery provided in any fashion outside the framework of this litigation. Therefore, counsel for the parties have agreed, and the Court orders, that any and all discovery produced shall be used solely for the purpose of litigating this action and that the discovery produced shall not be disclosed except as permitted herein.

2. While counsel may review the discovery with the defendant, defendant shall not be provided with the originals or copies of the discovery produced. The discovery produced shall not be duplicated except to the extent necessary for preparation of the defense, and all copies shall be subject to the same provisions stated herein and maintained by defense counsel or an authorized person. Defense counsel and defendant are strictly forbidden from disseminating any of the discovery produced by the United States covered by this Order except as provided herein. Counsel

and defendant understand and agree that a violation of this provision of the Agreed Protective Order could subject them to sanctions, up to and including contempt of Court, after a show cause hearing.

3. The discovery produced shall be maintained in a secure storage space at the office of defense counsel or maintained under the custody and control of defense counsel when not in the secure storage space. Counsel for the defendant shall return to the government or destroy all discovery and any copies thereof immediately upon the conclusion of the case or shall maintain these materials in accordance with defense counsel's written document retention policy.

4. When disclosing the discovery to an authorized person, the defendant's counsel must inform the authorized person that the discovery is provided subject to the terms of this Agreed Protective Order and that the authorized person must comply with the terms of this Agreed Protective Order. This notice requirement may be met by providing the authorized person with a copy of this Order.

5. Defense counsel will inform the defendant of the provisions of this Agreed Protective Order, and direct the defendant not to violate in any way the terms of the Order.

6. Should the defendant obtain different counsel, either in addition to or as a substitute for the current defense team, no signatory to this stipulation and order shall transfer to new counsel the discovery produced unless and until new counsel enter into this Stipulation and Order.

7. Nothing contained in this Agreed Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

SO ORDERED this 26th day of May, 2022.

HONORABLE SUSAN HICKEY
United States District Judge

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 4:22-CR-40001--011 |
| ) | |
| MICHAEL WALLACE MARTIN ) | |

The undersigned attorneys stipulate and agree to the entry of the attached Protective Order:

Signatures of counsel

_____
ANNE E. GARDNER
Special Assistant United States Attorney

_____
TRAVIS J. MORRISSEY
Attorney for Defendant